**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000566**
**22-MAY-2026**
**08:35 AM**
**Dkt. 68 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
THE BCAP LLC TRUST 2007-AA4 MORTGAGE PASS-THROUGH
CERTIFICATES SERIES, 2007-AA4, Plaintiff-Appellee,
v.
TAMARA RUTH KALEIMOMI MENDONZA; EWA VILLAGES OWNERS ASSOCIATION;
CITY AND COUNTY OF HONOLULU; SAMUEL L. GOMES A/K/A SAMUEL
LELEKU GOMES; DAYNE PANAKONAUʻE KAHAU, Defendants-Appellees,
and
KMT INVESTMENT LLC, Defendant-Appellant,
and
JOHN and MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS or OTHER ENTITIES 3-20, Defendants

NO. CAAP-24-0000566

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC151000836)

MAY 22, 2026

LEONARD, PRESIDING JUDGE, HIRAOKA AND MCCULLEN, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

**Deutsche Bank** National Trust Company nonjudicially
foreclosed a residential mortgage and purchased the property at
auction, but did not pay assessments to the ʻEwa Villages Owners

**Association**. Five years later, Deutsche Bank sued to invalidate its foreclosure, reinstate the mortgage, and judicially foreclose the mortgage. The Association then nonjudicially foreclosed its lien for unpaid assessments. **KMT** Investment LLC purchased the property at auction. Deutsche Bank added KMT to its lawsuit and sought to invalidate the Association's foreclosure, too. The Circuit Court of the First Circuit rescinded both foreclosures and entered a Hawai'i Rules of Civil Procedure Rule 54(b)-certified *Amended Judgment* for Deutsche Bank on those claims.[1] KMT appeals.

We hold that Deutsche Bank's nonjudicial foreclosure was valid; even if it had been voidable, the mortgagor was the only person who could have voided it and the deadline to do so has passed. We also hold that Deutsche Bank did not sustain its burden, as summary judgment movant, to show the Association's foreclosure was invalid or that the Association would not be able to prove its foreclosure was valid. We vacate the Amended Judgment and remand for further proceedings.

## I. BACKGROUND

These facts are uncontroverted: Tamara **Mendonza** signed a promissory **Note** and a **Mortgage** on **Property** in 'Ewa Villages. The Property was registered in Land Court. The Mortgage was recorded. An assignment of the Mortgage to Deutsche Bank was also recorded.

---

[1] The Honorable James H. Ashford presided.

Mendonza defaulted on the Note. Deutsche Bank nonjudicially foreclosed the Mortgage. It purchased the Property at the foreclosure auction for $320,000. It recorded a *Mortgagee's Affidavit of Foreclosure Under Power of Sale* in January 2010. A quitclaim deed transferring title to Deutsche Bank was recorded in June 2010, and a transfer certificate of title (**TCT**)[2] was issued to Deutsche Bank.

Deutsche Bank stopped paying assessments to the Association. The Association recorded a *Notice of Default and Lien* against the Property in March 2014.

Deutsche Bank sued Mendonza, the Association, and others in April 2015. The complaint alleged that the recorded assignment of the Mortgage contained a typographical error in the name of the trust for which Deutsche Bank was trustee. It prayed for a judgment declaring that Deutsche Bank's nonjudicial foreclosure was valid or, if invalid, that it was entitled to judicially foreclose the Mortgage. Mendonza's default was entered in November 2015.

In August 2016 the Association recorded a *Notice of Default and Intent to Foreclose*. The Association nonjudicially foreclosed its lien for unpaid assessments. KMT was the winning bidder for $81,000. The Association recorded an *Association's Affidavit of Foreclosure Sale Under Power of Sale* in April 2017.

---

[2] The initial certificate of title entered on the Land Court's decree of registration is the "original certificate of title." Hawaii Revised Statutes (**HRS**) § 501-75 (2018). A certificate of title entered after registered property is conveyed is a "new certificate of title." HRS § 501-108(a)(1) (2018). The Rules of the Land Court refer to a new certificate of title as a "transfer certificate of title." See Rules of the Land Court Rules 14, 26 (1989); Wells Fargo Bank, N.A. v. Omiya, 142 Hawaiʻi 439, 443 n.4, 420 P.3d 370, 374 n.4 (2018).

A quitclaim deed transferring title to the Property to KMT was also recorded in April 2017. A TCT was issued to KMT.

In September 2022 Deutsche Bank amended its complaint to name KMT as a defendant. It again alleged the typographical error. It also alleged that "title companies generally stopped issuing title insurance for real properties that were acquired in Hawaii via a non-judicial foreclosure sale" after the supreme court decided Kondaur Capital Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 361 P.3d 454 (2015). It alleged "the Property is now unmarketable[.]"

Despite alleging the Property was unmarketable, Deutsche Bank alleged the $81,000 price KMT paid for the Property "is inequitably low absent a Court order that [Deutsche Bank]'s Mortgage continues to encumber the Property[.]" Relevant here, the amended complaint sought: (1) to ratify Deutsche Bank's nonjudicial foreclosure, invalidate the Association's nonjudicial foreclosure, and expunge KMT's ownership of the Property; or (2) if Deutsche Bank's nonjudicial foreclosure was declared invalid, judicial foreclosure of the Mortgage and a declaration that KMT's interest in the Property was subject to the Mortgage.

Deutsche Bank moved for summary judgment. During the hearing, the circuit court stated "there's no genuine issue of material fact and [the court] will grant [Deutsche Bank]'s motion for summary judgment as to rescinding both [Deutsche Bank]'s 2008 and the [A]ssociation's 2017 nonjudicial foreclosure sales." The court declined to rule on Deutsche Bank's request for judicial

foreclosure.  A judgment was entered on June 21, 2024.[3]   KMT moved for reconsideration.  The motion was denied.

KMT appealed.  We temporarily remanded for entry of an appealable judgment.  The *Amended Judgment* was entered on March 3, 2026.

## II.  POINTS OF ERROR

KMT's opening brief states three points of error, which we have reordered: **(1)** the circuit court erred by concluding that good cause existed to rescind Deutsche Bank's nonjudicial foreclosure; **(2)** the circuit court erred by invalidating KMT's ownership of the Property; and **(3)** the circuit court erred by denying KMT's motion for reconsideration.

## III.  STANDARD OF REVIEW

We review a grant of summary judgment *de novo*.  Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013).  Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  A fact is material if proof of that fact would establish or refute an essential element of a party's cause of action or defense.  Id. at 55–56, 292 P.3d at 1285-86.  The evidence must be viewed in the light most favorable to the non-moving party.  Id. at 56, 292 P.3d at 1286.

---

[3]     The Honorable John M. Tonaki presided.

## IV. DISCUSSION

**A.    Deutsche Bank's nonjudicial foreclosure was valid; even if it had been invalid, Mendonza was the only person who could have voided it.**

**(1)** Deutsche Bank's motion for summary judgment sought "an order, judgment, and judicial declaration:"

> 5.    Ratifying and validating: (a) [Deutsche Bank]'s Notice of Mortgagee's Non-Judicial Foreclosure Under Power of Sale recorded on August 28, 2008, in the Land Court as Document No. 3784312 on Transfer Certificate of Title No. 541,566; (b) [Deutsche Bank]'s non-judicial foreclosure sale of the Property held on January 7, 2010; (c) the Mortgagee's Affidavit of Foreclosure Under Power of Sale recorded on January 25, 2010, in the Land Court as Document No. 3934762 on Transfer Certificate of Title No. 541,566; [and] (d) the Quitclaim Deed recorded on June 29, 2010, in the Land Court as Document No. 3974756 on Transfer Certificate of Title No. 541,566, which resulted in the issuance of Transfer Certificate of Title No. 986,900 pursuant to which the Property was conveyed to [Deutsche Bank.]

The only issue raised by Deutsche Bank that might have invalidated its nonjudicial foreclosure was that its assignment of the Mortgage:

> contains a typographical error in that assignee is listed as DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BCAP TRUST LLC 2007-AA**H**; whereas, the correct assignee and real party in interest is Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE BCAP LLC TRUST 2007-AA4 MORTGAGE PASS-THROUGH CERTIFICATES SERIES, 2007-AA**4**.

(Emphasis in original.)

The ***Assignment*** *of Mortgage and Note* actually identified the assignee as "Deutsche Bank National Trust Company as Trustee for BCAP 2007-AAH, a Delaware corporation." The trust document is not in the record, so we cannot confirm the trust's name.

At any rate, a discrepancy in the trust's name is not material for two reasons. First, Deutsche Bank's affidavit of foreclosure under power of sale stated it was the holder of the

6

Note.  The Mortgage followed the Note.  Hawaii Revised Statutes (**HRS**) § 490:9-203(g) (2008); Uniform Commercial Code § 9-203, cmt. 9 (2010) ("Subsection (g) codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien."); Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371 n.17, 390 P.3d 1248, 1258 n.17 (2017) ("Although the security follows the debt, the debt does not automatically follow the security.").  As the holder of the Note, Deutsche Bank was entitled to foreclose the Mortgage.

Second, a trust is "a fiduciary relationship in which one person holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another."  Bogert's The Law of Trusts and Trustees § 1 (2025).  "Under Hawaiʻi law, a trustee holds legal title to property for the equitable benefit of the trust's beneficiaries, thereby dividing legal and equitable interest in the trust property."  Coon v. City & County of Honolulu, 98 Hawaiʻi 233, 260, 47 P.3d 348, 375 (2002).

The Assignment, notice of default, *Notice of Mortgagee's Non-Judicial Foreclosure Under Power of Sale*, *Mortgagee's Affidavit of Foreclosure Under Power of Sale*, and *Quitclaim Deed* correctly identify "Deutsche Bank National Trust Company as Trustee" as the entity that held the interest in the Mortgage being foreclosed.  Whether Deutsche Bank's fiduciary duties were owed to BCAP 2007-AAH, or BCAP Trust LLC 2007-AAH, or BCAP LLC Trust 2007-AA4 Mortgage Pass-through Certificates

Series, 2007-AA4, or some other trust is immaterial to Deutsche Bank's right to foreclose the Mortgage. The Assignment, and the nonjudicial foreclosure of the Mortgage, were valid and binding.

**(2)** Even if there had been some infirmity rendering Deutsche Bank's nonjudicial foreclosure voidable, Mendonza was the only person who could void it. McCullough v. Bank of Am., N.A., 156 Hawaiʻi 446, 455, 575 P.3d 536, 545 (2025) (noting that if a nonjudicial foreclosure violates a statute or other law extrinsic to the mortgage itself, the sale is "voidable *at the election of the mortgagor*" (emphasis added) (quoting Delapinia v. Nationstar Mortg. LLC, 150 Hawaiʻi 91, 101-02, 497 P.3d 106, 116-17 (2021))).

The statute of limitations applicable to a wrongful foreclosure claim is six years. Id. (citing HRS § 657-1(4)). Deutsche Bank's motion noted its nonjudicial foreclosure "was completed **over 13 years ago**." As a matter of law, Mendonza could not have voided Deutsche Bank's nonjudicial foreclosure.

**(3)** There are other reasons Deutsche Bank's nonjudicial foreclosure should not be voided. A mortgage foreclosure is an equitable proceeding governed by the rules of equity. Santiago v. Tanaka, 137 Hawaiʻi 137, 157, 366 P.3d 612, 632 (2016). Deutsche Bank's motion did not argue that the Property became unmarketable after Kondaur was decided. But the circuit court's order (prepared by Deutsche Bank's counsel) found and concluded:

> 3. As a result of Hawaii Supreme Court decisions, title insurers generally will not insure a conveyance pursuant to a non-judicial foreclosure action in Hawaii.

8

> See <u>Kondaur</u>, 136 Haw. 227, 240; <u>see also</u> <u>Hungate v. Law</u>
> <u>Office of David B. Rosen</u>, 139 Haw. 394 (S. Ct. 2017).
>
> 4. As a result, title to the Property acquired via
> [Deutsche Bank]'s Non-Judicial Foreclosure Sale is now
> likely unmarketable and uninsurable, and therefore, there is
> good cause to rescind [Deutsche Bank]'s Non-Judicial
> Foreclosure Sale.

The record contains no evidence that title insurers will not insure title obtained through a nonjudicial foreclosure, or that the Property was unmarketable, and neither <u>Kondaur</u> nor <u>Hungate v. Law Office of David B. Rosen</u>, 139 Hawaiʻi 394, 391 P.3d 1 (2017), <u>abrogated by</u>, <u>State ex rel. Shikada v. Bristol-Myers Squibb Co.</u>, 152 Hawaiʻi 418, 526 P.3d 395 (2023), support that proposition.

Even if that were the case, Deutsche Bank decided to nonjudicially foreclose the Mortgage instead of filing for judicial foreclosure. Voiding the nonjudicial foreclosure and reinstating the Mortgage would cause Mendonza to become liable for almost sixteen years of additional principal and interest due on the Note. It would be manifestly inequitable for Mendonza to bear the consequences of Deutsche Bank's strategic decision.

We hold that the circuit court erred by ordering rescission of Deutsche Bank's nonjudicial foreclosure under the circumstances of this case. A summary judgment declaring the nonjudicial foreclosure valid should have been entered.

**B.** **Deutsche Bank did not sustain its burden to show the Association's nonjudicial foreclosure should be voided.**

Deutsche Bank's motion for summary judgment argued that the Association's nonjudicial foreclosure should be voided

because "the sale price of the Property to KMT ($81,000.00) is unconscionably low and fails to meet the fair and reasonable standard[.]"

A nonjudicial foreclosure must be executed "in a manner that is fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property." Kondaur, 136 Hawaiʻi at 240, 361 P.3d at 467. Deutsche Bank, as summary judgment movant, had to present evidence that the Association's nonjudicial foreclosure was not fair, the Association was not reasonably diligent or acted in bad faith, and KMT's winning bid price was inadequate; or show that the Association could not satisfy its burden of proof at trial. Ralston, 129 Hawaiʻi at 60, 292 P.3d at 1290.

Deutsche Bank's motion presented no evidence that the Association did not conduct its nonjudicial foreclosure in a fair, reasonably diligent, and good faith manner. Deutsche Bank argued only that KMT did not pay an adequate price because Deutsche Bank had "purchased the Property [(in 2010)] with a credit bid of $320,000.00 and the current tax assessed value of the Property is $868,700.00."

The Association countered that the Property's tax-assessed value in 2023 was irrelevant to the Property's value when KMT purchased it in 2017. Deutsche Bank made no other argument why KMT did not pay an adequate price for the Property — particularly given its allegation that the Property was

unmarketable.[4]  Deutsche Bank failed to meet its burden to show the Association could not prove KMT's bid amount was adequate. The circuit court erred by granting summary judgment on Deutsche Bank's claim to void the Association's nonjudicial foreclosure.

We need not address KMT's arguments that it was a bona fide purchaser of the Property,[5] and that the circuit court erred by denying its motion for reconsideration.

### V. CONCLUSION

The June 21, 2024 *Findings of Fact and Conclusions of Law; Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment* and the March 3, 2026 *Amended Judgment* are vacated, and this case is remanded to the circuit court.

On remand, the circuit court should enter an order granting in part and denying in part Deutsche Bank's January 23, 2024 *Motion for Summary Judgment*.  The order should grant Deutsche Bank a partial summary judgment against all defendants on the Second Cause of Action of the September 23, 2022 *Amended Verified Complaint for Declaratory Relief, Equitable Relief, and*

---

[4]     We express no opinion whether KMT's purchase price was adequate under <u>Kondaur</u> or any other standard; the parties must litigate that issue on remand.

[5]     A bona fide purchaser is one who acquires an interest in a property for valuable consideration, in good faith, and without notice of another party's adverse interests in the property.  By contrast, a non-bona fide purchaser is one who does not pay adequate consideration, takes with knowledge that his transferor acquired title by fraud, or buys registered land with full notice of the fact that it is in litigation between the transferor and a third party.

<u>McCullough</u>, 156 Hawaiʻi at 456, 575 P.3d at 546 (cleaned up).

11

*Judicial Foreclosure*, declaring that Deutsche Bank's nonjudicial foreclosure of Mendonza's Mortgage was valid, and deny all other relief requested by the motion.

On the briefs:

Frederick J. Arensmeyer,
for Defendant-Appellant
KMT Investment LLC.

Lloyd T. Workman,
for Plaintiff-Appellee
Deutsche Bank National
Trust Company, as Trustee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge